■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TONY HICKS, Appellant.—Judgment unanimously affirmed. Memorandum: The suppression court found that defendant's clothing was seized as a direct result of his unlawful arrest and thus could not be admitted as evidence. At trial the arresting officer testified that he observed a hood on defendant's jacket after he had ordered defendant to assume a spread-eagle position on the ground. Defendant challenged the officer's reference to a hood on the basis that the testimony was received in violation of the suppression order. In passing upon this issue, it is enough to note that, if there was error in receiving the testimony, it was harmless beyond a reasonable doubt. The identification evidence was overwhelming and there is no reasonable possibility that the challenged testi-

mony might have contributed to the conviction *(see, People v Crimmins,* 36 NY2d 230).

We also find that the People did not fail to disclose to defendant exculpatory information *(see, Brady v Maryland,* 373 US 83). (Appeal from judgment of Supreme Court, Monroe County, Cornelius, J.—rape, first degree, and other charges.) Present—Dillon, P. J., Denman, Boomer, Green and Lawton, JJ.